UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC.<br>     Plaintiff<br>  v.<br><br>JERILU FRUIT AND PRODUCE COMPANY d/b/a Jerilu Produce Company, d/b/a Jerilu Produce Center;<br>MATTHEW S. EICHNER, individually;<br>DEBORAH CONSTABLE, individually; and<br>ROBERT CATALDE, as executor of the Estate of Edward A. Eichner;<br>     Defendants. | Case No. 1:15-cv-251<br><br>Judge: Barbara Rothstein |

## COMPLAINT

For its Complaint in Intervention, BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC. states as follows:

## THE PARTIES

1. BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC. ("Plaintiff") is a New York-based corporation, which maintains offices in Jamestown, New York.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and is a beneficiary of the statutory trust created pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA").

3. Defendants are:

 a) JERILU FRUIT AND PRODUCE COMPANY d/b/a Jerilu Produce Company, d/b/a Jerilu Produce Center ("Jerilu" or the "Company"), a Pennsylvania corporation, maintains its principal offices in Erie, Pennsylvania, and is an entity that purchased and/or sold Produce in wholesale or jobbing quantities;

b) MATTHEW S. EICHNER ("Matthew"), in his individual capacity, and is a person in a position to control the Company;

c) DEBORAH CONSTABLE ("Deborah"), in her individual capacity, and is a person in a position to control the Company; and

d) ROBERT CATALDE ("Robert"), in his capacity as executor of the Estate of Edward A. Eichner, and is a person in a position to control the Company.

(Matthew, Deborah, and Robert are collectively referred to as the "Principals") (the Company and the Principals are collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under PACA pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff sold to the Company and the Company purchased from Plaintiff, Produce having a current total aggregate value in the amount of $50,619.26, plus further interest, and collection costs, including attorneys' fees.

7. The Produce identified above was sold pursuant to the invoices issued by Plaintiff and summarized in the chart attached hereto as part of Group Exhibit A and fully incorporated herein.

8. The Company received from Plaintiff the invoices referenced in paragraph 7.

9. Plaintiff sent to the Company, and the Company received and accepted, the Produce identified in the invoices referenced in paragraph 7.

10. The Defendants failed to pay the Plaintiff for its Produce despite repeated demands.

11. Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company, for which Plaintiff remains unpaid.

12. Plaintiff operated its business under a valid PACA license issued by the United States Department of Agriculture ("USDA") and its invoices contained the required statutory language and were sent to Defendants within the statutory time limits, sufficient to preserve Plaintiff's PACA trust rights.

13. The Plaintiff buys or sells sufficient Produce in wholesale or jobbing quantities or in sufficient dollar amount to be considered a 'Dealer' under PACA, 7 U.S.C. §499a-t.

14. The Company bought and sold sufficient Produce in wholesale or jobbing quantities or in sufficient dollar amount to be considered a 'Dealer' under PACA, 7 U.S.C. §499a-t.

15. Pursuant to PACA, 7 U.S.C. § 499e(c), Plaintiff is a beneficiary of a statutory trust *res* designed as a fund from which it can be assured payment. The trust became effective at the time the Company first began accepting shipments of Produce.

## COUNT I

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. §499e(c)(4)

### All Defendants

16. Plaintiff re-allege paragraphs 1 through 15 as if fully set forth herein.

17. Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Defendants failed to pay Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 7.

19. Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

20. Defendants issued $14,115.10 in checks, which were returned for insufficient funds and stopped payment on other checks totaling $12,413.50 which resulted in a total of $26,528.60 in payments being dishonored.

21. As a direct result of Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages, which are covered under the PACA trust in the following current amount:

a) $50,619.26, of which $43,338.25 is for Produce (including the $26,528.60 in dishonored payments), $2,281.01 in interest at the contract rate of 18% per annum, and $5,000 in collection costs, including attorneys' fees, plus additional interest and collection costs, including attorneys' fees.

22. Plaintiff seeks the entry of an Order directing the Defendants to immediately turn over to Plaintiff, as beneficiary of this trust, the total amount of the PACA trust *res* equal to the sum of $50,619.26, plus further statutory interest and collection costs, including attorneys' fees.

## COUNT II

### UNFAIR CONDUCT - FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499(b)

**The Company**

23. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

24. Defendant Company has failed and refused to account and pay promptly Plaintiff the principal amount of $43,338.25 from the PACA trust without reasonable cause, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted by Defendant Company.

25. Defendants issued $14,115.10 in checks, which were returned for insufficient funds and stopped payment on other checks totaling $12,413.50 which resulted in a total of $26,528.60 in payments being dishonored. Copies of the checks are attached hereto as part of <u>Group Exhibit A</u> and are fully incorporated herein.

26. The failure of Defendant Company to make said payments to Plaintiff from the statutory trust fund without reasonable cause and the Defendant Company's tendering of checks which were dishonored, constitute "Unfair Conduct" and is a violation of PACA (7 USC §499(b)) and PACA Regulations, and, as a direct result Plaintiff has suffered damages, in the amount of $50,619.26, of which $43,338.25 is for Produce (including the $26,528.60 in dishonored payments), $2,281.01 in interest at the contract rate of 18% per annum, and $5,000 in collection costs, including attorneys' fees, plus additional interest and collection costs, including attorneys' fees.

## COUNT III.

## **BREACH OF CONTRACT**

### **The Company**

27. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

28. Plaintiff entered into contracts with the Company under which Plaintiff agreed to sell Produce and he Company agreed to purchase the Produce, referenced in paragraph 7 above.

29. The Company failed to pay Plaintiff for each shipment of Produce from the Plaintiff in the aggregate amount of $50,619.26, of which $43,338.25 is for Produce (including $26,528.60 in dishonored payments), $2,281.01 in interest at the rate of 18% per annum, per the parties' contracts, and $5,000 in collection costs, including attorneys' fees, plus additional interest and collection costs, including attorneys' fees, per the parties' contracts.

30. Defendants issued $14,115.10 in checks, which were returned for insufficient funds and stopped payment on other checks totaling $12,413.50 which resulted in a total of $26,528.60 in payments being dishonored. Copies of the checks are attached hereto as part of Group Exhibit A and are fully incorporated herein.

31. Plaintiff seeks entry of an Order directing the Company to immediately pay the current sum of $50,619.26, plus additional interest and collection costs, including attorneys' fees, to Plaintiff.

### COUNT IV.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### The Principals

32. Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

33. At all times relevant to this action, the Principals were each a person in a position to control substantially all aspects of the Company's business undertakings.

34. At all times relevant to this action, the Principals were each a person engaged in the business of buying or selling Produce.

35. Each Principal controlled and managed the Company's business operations and had control over both of their financial dealings, including those involving the PACA trust assets.

36. The Principals had full knowledge and responsibility for the handling of the Company's PACA trust undertakings.

37. The Principals were statutory trustees of the Company's PACA trust and the Principals were required to maintain the trust assets in such a manner as to ensure there was, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff. As trustees of the PACA trust, the Principals each held a fiduciary relationship with Plaintiff.

38. Defendants issued $14,115.10 in checks, which were returned for insufficient funds and stopped payment on other checks totaling $12,413.50 which resulted in a total of $26,528.60 in payments being dishonored, thereby breaching their fiduciary duties to maintain the PACA trust. Copies of the checks are attached hereto as part of Group Exhibit A and are fully incorporated herein.

39. Because Plaintiff's invoices have not been paid from PACA trust assets as its bills fell due, Plaintiff has reason to believe the Principals dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims to the detriment of the Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

40. The Principals continue to hold any and all PACA Trust assets having come into their individual possession as trustees for Plaintiff's beneficial interests in each of the PACA trusts.

41. The Principal are each personally liable to Plaintiff, which liability is joint and several with each other, the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA trusts, for the dissipation of

7

the PACA trusts to the extent of $50,619.26 (including $26,528.60 in dishonored payments), plus further interest and collection costs, including attorneys' fees, to be satisfied from the personal assets of the Principals.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A)        As to Count I, directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trusts to a sufficient level to satisfy any and all qualified PACA trust claims;

B)        As to Count I, entering a Final Judgment in favor of Plaintiff and against the Defendants, on a joint and several basis, in the current amount of $50,619.26, plus further interest and collection costs, including attorneys' fees, less any actual recovery on other counts;

C)        As to Count II, entering a Final Judgment in favor of Plaintiff and against the Company in the current amount of $50,619.26, plus further interest and collection costs, including attorneys' fees, less any actual recovery on other counts;

D)        As to Count III, entering Final Judgment in favor of Plaintiff and against the Company in the current amount of $50,619.26, plus further interest and collection costs, including attorneys' fees, less any actual recovery on other counts;

E)        As to Count IV, entering a Final Judgment in favor of Plaintiff and against Principals, on a joint and several basis with one another and the Company in Count I, finding that Principals' acts were a breach of his fiduciary duties to the PACA trust beneficiaries, resulting in a defalcation while acting in a fiduciary capacity, with damages to Plaintiff in the current amount of $50,619.26, plus further interest and collection costs, including attorneys' fees, less any actual recovery on other counts; and,

F)        Providing such other relief this Honorable Court deems necessary.

Respectfully submitted,

BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC.

By: /s/Michael P. Kruszewski
One of Its Attorneys
Michael P. Kruszewski, Esquire  (PA ID#91239)
Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA  16506
Telephone: (814)833-2222
Facsimile:  (814)833-6753
E-Mail:  mkruszewski@quinnfirm.com

and

David A. Adelman, Esq.  (IL6209401)
(*Pro Hac Vice Admission Pending*)
ADELMAN LAW OFFICES LLC
1901 N. Roselle Road, Suite 800
Schaumburg, Illinois 60195
Tel: (847) 301-4341
Fax: (847) 301-4342
adelman@pacaenforcer.com

9