# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-251E |
| v. | ) ) | Judge Cathy Bissoon |
| JERILU FRUIT AND PRODUCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

In support of the preliminary injunction entered on November 2, 2015 (*see* Doc. 27), the Court hereby enters the following findings and conclusions.

## A. FINDINGS OF FACT

1. Plaintiff sells wholesale perishable agricultural commodities in interstate commerce.

2. Jerilu Fruit and Produce Company ("Defendant") bought and sold wholesale perishable agricultural commodities in interstate commerce.

3. The parties entered into a series of sales agreements in which Plaintiff sold perishable agricultural commodities (hereinafter "Produce") to Defendant.

4. Defendant failed to pay Plaintiff, in-full, for the Produce it purchased from May 25, 2015 through July 21, 2015. Copies of Plaintiff's unpaid invoices were submitted at the Hearing.

5. Defendant received and accepted the Produce and other items listed in the Plaintiff's invoices.

6. Plaintiff issued to Defendant written notice of Plaintiff's intent to preserve trust benefits, in accordance with PACA, by including on its invoices the following language: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5C of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables, or proceeds from the sale of these commodities until further payment is received."

7. Each invoice stated there was a "1.5% Service Charge per month (18% annual charge) on all overdue accounts after 30 days. Customer will assume all collection costs, including attorney's fees."

8. The Produce consisted of fresh fruits or vegetables, of the type commonly shipped in interstate commerce.

9. Plaintiff hand-delivered the invoices with delivery of the Produce to Defendant, and each invoice was signed by a representative of Defendant upon receipt.

10. Despite repeated demands for payment by Plaintiff, Defendant has not paid, in-full, the invoices in accordance with the applicable payment terms.

11. Defendant, through its agents, has acknowledged that substantial sums remain owing on the invoices.

12. Plaintiff claims that the total balance due is $50,619.26, consisting of: $43,338.25 for the Produce itself; $2,281.01 in interest, at the contract rate of 18% per annum; and $5,000 in collection costs, including attorneys' fees, plus additional interest.

13. Although Deborah Constable testified that her accounting records, on behalf of Defendant, reveal payments made by Defendant that are not reflected/credited in Plaintiff's accounting records, it is undisputed that Defendant owes well in excess of its net worth.

14. At the Hearing, Defendant's counsel indicated that Defendant's only remaining asset was approximately $12,000, in its bank account at Erie Bank.

15. In a "Proposed Judgment" submitted in advance of the Hearing (Doc. 22), Plaintiff stated that the balance in Defendant's Erie Bank account, as of October 23, 2015, was $12,589.60.

16. $10,000 of the funds in Defendant's Erie Bank account are proceeds from its recent sale of vehicles and other equipment.

17. Although, at the Hearing, the parties disagreed whether the vehicle and equipment sale-proceeds were part of the PACA-trust, Plaintiff has stipulated in its Proposed Judgment that the sale proceeds were <u>not</u> part of the PACA trust. *See* Doc. 22 at ¶ 4.

18. The Court takes judicial notice of the Consent Judgment entered against Defendant, also pursuant to PACA, in <u>Central Marketing Associates, Inc., v. Jerilu Fruit and Produce Company</u>, 13-80E (W.D. Pa.). That Judgment, entered against Defendant on November 6, 2014, is in the amount of $947,135.57. *See* Doc. 53 in Civil Action No. 13-80E.

## B. CONCLUSIONS OF LAW

1. Plaintiff sold, and Defendant purchased, Produce in wholesale or jobbing quantities, subject to PACA.

2. The Produce sold pursuant to Plaintiff's invoices, and the sale proceeds generated from Defendant's re-sale of the Produce, or proceeds from Defendant's sale of other Produce, are assets of the PACA trust.

3.     Plaintiff's invoices contained language sufficient to preserve its interests in PACA trust benefits, and Defendant received timely notice thereof.

4.     Plaintiff has shown actual dissipation and/or the threat of dissipation of PACA trust funds, to the extent described herein.

5.     Plaintiff has demonstrated, and Defendant Jerilu has made no effort to refute, that the factors warranting injunctive relief have been met, namely: Plaintiff's likelihood of success on the merits; irreparable injury; a balancing of the harms; and consideration of the public interest.

Consistent with the foregoing, the Court hereby enters the following:

### C.  ORDER

The preliminary injunction regarding Defendant Jerilu Fruit and Produce Company remains in effect, and the money in its Erie Bank account, minus the $10,000 in non-PACA sale proceeds described above, remain enjoined.

IT IS FURTHER ORDERED that counsel for Plaintiff and Defendant Jerilu shall meet and confer to discuss how this case may best, and most efficiently and cost-effectively, proceed to final resolution. By **November 17, 2015**, the parties may file a proposed consent order and/or judgment for the Court's consideration; or, alternatively, by that date, they shall file a joint statement with the Court indicating each side's proposed course of action, and the opposing side's position regarding the other's proposal.

IT IS SO ORDERED.


November 10, 2015                           s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record